**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DANIEL BOWEN,

                Plaintiff,                CASE NO.:

v.

224 REALTIES, LLC, and MAX TAX I CORP.,

                Defendants.
------------------------------------------------------------------X

## COMPLAINT

Plaintiff, DANIEL BOWEN (hereinafter "Plaintiff"), sues Defendants 224 REALTIES, LLC, and MAX TAX I CORP. (hereinafter "Defendants"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

## JURISDICTION AND VENUE

1.      This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

2.      Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the transaction or occurrence giving rise to this lawsuit occurred in the Southern District of New York.

3.      The remedies provided by New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies do not need to be exhausted in connection with a lawsuit commenced pursuant to the Federal Civil Rights Act.

## THE PARTIES

4.      At all times material hereto, Plaintiff, DANIEL BOWEN, was and is over the age of 18 years, *sui juris*, and a resident of the State of New York.

5.      Plaintiff has at all material times suffered from a "qualified disability" under the ADA; as a result of a spinal cord injury, Plaintiff suffers from paraplegia.

6.      Defendant, 224 REALTIES, LLC, is a New York limited liability company, which owns and operates that certain real property, located at 225 West 231 Street, Bronx, New York, a place of public accommodation known as MAX TAX, which is located upon the subject property.

7.      Defendant, MAX TAX I CORP., is New York corporation that owns and operates that certain public accommodation known as MAX TAX, located at 225 West 231 Street, Bronx, New York, which is located upon the subject property.

8.      Prior to the commencement of this action, Plaintiff personally visited the subject property; however, Plaintiff was denied full access to the facilities at the subject property, and/or any accommodations offered to the public therein, in that Plaintiff was restricted and limited by his disabilities, and therefore suffered an injury in fact. As of this filing, Plaintiff remains unable to visit and make full use of the subject property and continues to be discriminated against (and thus injured) by architectural barriers to access that remain at the subject property in violation of the ADA, the NYSHRL, and NYCHRL.

9.      Plaintiff intends to return to the subject property after entry of an injunction in this case, and after compliance therewith by Defendants, in order to avail himself of the goods and services offered to the public therein.

10.      All events giving rise to the instant action occurred in the City of New York, State of New York.  Venue is proper in the Southern District of New York in that the subject property is located in the State of New York, County of Bronx.

**COUNT I**
**VIOLATIONS OF THE ADA**

11.      Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

12.      On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

13.      Congress specifically found, *inter alia*, that:[1]

a.      Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b.      Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.      Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d.      Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation,

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

e.      The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

14.      Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i)      Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)      Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

(iii)      Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

15.      The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

16.      The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).
[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

17.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

18.     Upon information and belief, the subject property has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

19.     Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

20.     The subject property is legally required to be, but is not, in compliance with the ADA and ADAAG.

21.     Such non-compliance includes but is not limited to the following:

    a.     Non-compliant existing ramp leading to entrance door acts as a barrier to accessibility.

    b.     Non-compliant slope of ramp leading to entrance door exceeds maximum slope allowance.

    c.     Uneven floor surface at ramp leading to entrance.

    d.     Non-compliant cross slope at ground surface of ramp leading to entrance.

    e.     Required minimum maneuvering clearance not provided at entrance door. Non-compliant change in floor level within required maneuvering clearance at entrance door.

22.     This is not intended as a complete list of ADA and ADAAG violations at the subject property. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspection made pursuant to Fed. R. Civ. P. 34.

---

[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.     Plaintiff was and is blocked by physical barriers to access at the subject property, dangerous conditions, and ADA violations, existing upon the subject property, including those specified above. These violations, which include but are not limited to those enumerated herein, prohibit Plaintiff from safely accessing the subject property, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

24.     Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

25.     Plaintiff intends to visit the subject property again in the future (upon Defendants' compliance with an Order of this Court requiring that Defendants remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the subject property; however, in light of his disabilities, unless and until the subject property is brought into full compliance with the ADA and its implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the subject property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

26.     As a result of the foregoing, Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property. Defendants' discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

27.     Moreover, Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers upon the subject property which violate the ADA and ADAAG, including but not limited to those

specifically set forth herein, and to make the subject property, accessible to and usable by persons with disabilities, including Plaintiff by making appropriate alternations to policies and procedures.

28.     Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist upon the subject property, including but not limited to those set forth herein.

29.     This Court is vested with authority to grant injunctive relief sought by Plaintiff, including entry of an Order requiring alteration and modification of the subject property, and/or alteration and modifications to Defendants' policies and procedures, so as to make the subject property readily accessible to and useable by individuals with disabilities to the extent required by law.

30.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorneys' fees, costs, and litigation expenses, all of which are recoverable against the Defendants.[6]

## COUNT II

## VIOLATIONS OF THE NYSHRL

31.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

32.     The NYSHRL provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any

---

[6] 42 U.S.C. §§ 12205, 12117

such place shall be refused, withheld from or denied to any person
on account of . . . disability . . . .[7]

33.     The subject property is a place of public accommodation as defined by the

NYSHRL.

34.     Plaintiff visited the subject property and encountered architectural barriers made

illegal by the ADA and ADAAG, and by the NYSHRL.

35.     By maintaining architectural barriers that discriminate against people with

disabilities through the actions described above, Defendants have, directly or indirectly, refused,

withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages,

facilities or privileges thereof provided at the subject property. Failure by Defendants to act to

identify and remove barriers can be construed as an act of "negligent per se."

36.      Plaintiff has been damaged and will continue to be damaged by this discrimination

as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to N.Y.

Exec. Law §297, including damages pursuant to § 297(9) thereof.

**COUNT III**
**VIOLATIONS OF THE NYCHRL**

37.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set

forth herein.

38.     The NYCHRL provides:

It shall be an unlawful discriminatory practice for any person, being
the owner, lessee, proprietor, manager, superintendent, agent or
employee of any place or provider of public accommodation
because of the actual or perceived . . . disability . . . of any person,
directly or indirectly, to refuse, withhold from or deny to such
person any of the accommodations, advantages, facilities or
privileges thereof . . . to the effect that any of the accommodations,
advantages, facilities and privileges of any such place or provider

---

[7] NYS Exec. Law § 296 (2)(a).

shall be refused, withheld from or denied to any person on account of . . . disability. . . .[8]

39.     Defendants are in violation of the NYCHRL by denying the Plaintiff full and safe access to all the accommodations, benefits and services of the subject property.

## ATTORNEYS' FEES AND COSTS

40.     Plaintiff has been obligated to retain the undersigned attorneys for purposes of filing and prosecuting this lawsuit.  Pursuant to the ADA and NYCHRL, Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants.

41.     Plaintiff respectfully requests a judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## DAMAGES

42.     Plaintiff demands compensatory damages based on Defendants' violation of the NYSHRL and NYCHRL.

## INJUNCTIVE RELIEF

43.     Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the ADA, the NYSHRL, and NYCHRL.

44.     Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of the Plaintiff, including but not limited to the issuance of an Order to alter the subject property so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiff, as required pursuant to the ADA, the NYSHRL, and NYCHRL, and closing the facilities until the requisite modifications are complete.

45.     Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation, their policies, business practices, operations and procedures.

---

[8] NYC Admin Code § 8-107(4)(a)

46.     Injunctive relief is also necessary to make the subject property readily accessible and useable by Plaintiff in accordance with the ADA, the NYSHRL, and NYCHRL.

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, jointly and severally, and requests the following injunctive and declaratory relief:

a)      A declaration that the subject property owned, leased, operated, and/or controlled by Defendants is in violation of the ADA, the NYSHRL, and NYCHRL;

b)      An Order requiring Defendants to evaluate and neutralize their policies, practices and procedures towards individuals with disabilities, for such reasonable time to allow the Defendants to undertake and complete corrective procedures to subject property;

c)      An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, the NYSHRL, and NYCHRL;

d)      An Order issuing a permanent injunction ordering Defendants to close the subject property and cease all business until Defendants remove all violations under the ADA, the NYSHRL, and NYCHRL, including but not limited to the violations set forth herein;

e)      An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

f)      For such other and further relief that this Court deems just, necessary and proper.

DATED this **26th** day of **December,** 2019.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:      (954) 745-0588
FAX:    (877) 253-1691

By:   */s/ Hector V. Ramirez*
        HECTOR V. RAMIREZ, ESQ.
        (HR3270)
        ramirez@nklegal.com
        amy@nklegal.com

11